WILLIAM J. DICKSON, PLAINTIFF, *v.* SAMUEL FRAZER, MARINDA WOOD AND OTHERS, DEFENDANTS.

*Judicial sale — bids at — duty of sheriff as to proceeds of sale — Estoppel.*

Upon a sale had under the foreclosure of a mortgage, the premises were bid in by the attorney for the plaintiff, for an amount sufficient to pay the first mortgage, the fees of the sheriff on the sale, and a second mortgage owned by the defendant Wood. The sheriff received the amount of his fees, but not the amount of the Wood mortgage, she having agreed that said amount should

be secured upon the premises by the purchaser. No security was ever given by him thereon, but he paid the interest to the defendant Wood for many years, until he finally sold the premises to a *bona fide* purchaser, without notice. In an action brought by the defendant Wood, to charge the sheriff with so much of the bid as he had neglected to collect, *held*, that though it was the duty of the sheriff to have collected the whole bid, yet as he had neglected to do so at the instigation of the defendant Wood, the latter could not now insist that he erred in so doing.

APPEAL from an order made at the Special Term, denying a motion to compel the sheriff of Orange county to pay into court a certain alleged surplus arising on a sale had in this action.

*John Miller*, for the appellant, Marinda Wood.

*E. A. Brewster*, for Benjamin Hanmore, late sheriff of Orange county, respondent.

DYKMAN, J.:

This action was commenced to foreclose a first mortgage. The defendant Marinda Wood was the holder of a second mortgage. She appeared in the action by an attorney. The case proceeded to judgment, and the sheriff of Orange county sold the premises in pursuance of the judgment. The plaintiff's attorney became the purchaser of the premises at the sale, for an amount sufficient to pay the mortgage of Wood above the plaintiff's claim and the sheriff's fees. The sheriff's fees and printer's bill were paid, and that was all the money the sheriff received.

The sheriff did not require the purchaser to pay the surplus money, for the reason that it was agreed between the purchaser and the attorney for the defendant Marinda Wood that her money should be left on the property and the payment thereof assumed by the purchaser. How this was to be accomplished was left to the purchaser, who was a lawyer and the lawyer of Mrs. Miller. A deed was drawn by the plaintiff's attorney in pursuance of the sale and executed by the sheriff. After the deed was delivered the purchaser paid the interest to Mrs. Wood on the amount that was due to her for many years and she received the same, at first through her lawyer and afterwards directly from the purchaser; now, however, the purchaser has ceased to pay the interest and has

sold and conveyed the premises to a *bona fide* purchaser. It now turns out that no mortgage was executed to Mrs. Wood for the amount of her mortgage, and that no security was taken at all.

Now, why should the sheriff pay this money? He has not had it, and he was prevented from getting it by the attorney of Mrs. Wood, who made other arrangements with the purchaser for her. He arranged with the purchaser that her money should be left on the premises, and that the purchaser should assume the payment of it. The application seems to proceed upon the ground that the sheriff had remitted the payment of that portion of the purchase money which was coming to Mrs. Wood, and that as he had no power to remit the payment of any portion of the money bid at the sale, he was guilty of misconduct and had prevented the defendant from getting her money.

We subscribe fully to the proposition that the sheriff had no power to remit the payment of any portion of the purchase money. It was his duty to receive and account for the money bid at the sale. But we think that both Mrs. Wood and her attorney have waived the performance of this duty. In fact the attorney actually prevented it by active interference. It was the official duty of the sheriff to demand and receive from the purchaser the surplus money above the plaintiff's claim, and deposit it with the county treasurer of Orange county, to the end that it might be obtained by Mrs. Wood.

But her attorney interfered, released the purchaser from immediate payment of the surplus, and made an agreement with him that he might assume the payment of the surplus personally, and thus become the debtor of the defendant. After this was done Mrs. Wood herself ratified the arrangement and accepted the purchaser as her debtor, and received from him the payment of interest on the amount for many years.

We think this transaction and this conduct on the part of Mrs. Wood and her attorney relieved the sheriff from all liability in the matter.

Order of Special Term affirmed, with costs and disbursements.

PRATT, J., concurred. BARNARD, P. J., not sitting.

Order affirmed, with costs.